

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EILEEN JOSEPH AND DANIEL WISHNATSKY, Individually and on behalf of others similarly situated, <br><br> and <br><br> RANDALL BROOKS, as a member of the class, <br><br> Plaintiffs, <br><br> v. <br><br> THE BUREAU OF NATIONAL AFFAIRS, INC., *et al.*, <br><br> Defendants. | Case No. 1:13-CV-1056 (LO/JFA) |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This action involves claims for alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b) and 78(t), as amended, and Rules 10b-5 and 14e-3 thereunder. A Stipulation and Agreement of Settlement[1] was filed with the Court on March 19, 2014 (Dkt. 56-1). On April 25, 2014 (Dkt. 62), the Court entered a Preliminary Approval Order preliminarily approving the Settlement and setting a Fairness Hearing on October 24, 2014.

Before the Court are: (1) Plaintiffs' Motion for Final Approval of Certification of the Settlement Class, Final Approval of the Class Settlement, and Approval of the Plan of Allocation ("Final Approval Motion"); and (2) Class Counsel's Motion for Award of Attorneys' Fees and

---

[1] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Stipulation and Agreement of Settlement filed in this Action.

Reimbursement of Expenses, Case Contribution Awards for Plaintiffs Eileen Joseph and Daniel Wishnatsky, and Reimbursement of Expenses to Plaintiff Daniel Wishnatsky ("Fees Motion").

A Fairness Hearing was held on October 24, 2014 to: (1) determine whether to grant the Final Approval Motion; (2) determine whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants; (3) determine whether the Released Claims should be released in favor of Defendants and the other Released Persons, as against all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement; (4) determine whether to grant the Fees Motion; and (5) rule upon such other matters as the Court deemed appropriate.

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Hearing Order. The Court has considered all papers filed in the proceedings and has determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against Defendants and the Released Parties and is otherwise fully informed,

**NOW, THEREFORE, THE COURT HEREBY ORDERS THAT:**

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. The Court, by Order dated April 25, 2014 (Dkt. 62) preliminarily certified a Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and b(3), defined as all Persons who sold BNA stock through the BNA Stock Purchase and Transfer Plan ("SPTP") during the period from March 21, 2011 through August 25, 2011 ("Class Period") and received $17.50 per share, excluding (i) Defendants named in the Complaint; (ii) officers and directors of The Bureau of National Affairs, Inc. during the Class Period; (iii) Immediate Family Members of any Person described in (i) and (ii); and (iv) any Person who has, by general release of claims,

2

waived rights to bring a claim and/or recover any losses against Defendants; and (v) those Persons who made a request for exclusion from the Settlement Class in the manner and within the time period provided by Article 6 of the Parties' Agreement and who did not thereafter rescind such requests.

3. In accordance with the Court's Preliminary Approval Hearing Order, Notice of Settlement of Class Action was given to the Settlement Class by first class mail, postage prepaid, using addresses provided by Defendants and by e-mail using e-mail addresses provided by Defendants (where available). In addition, the Class Settlement Notice and Settlement Agreement also were posted on the website created by Plaintiffs' Counsel for the litigation at securitiesclassaction.dinsmore.com ("Website"). The Claims Administrator also published the Summary Notice via PR Newswire. The Court has received declarations from Plaintiffs' Counsel and the Claims Administrator attesting to the mailing and e-mailing of the Class Notice, the posting of the Class Notice and Settlement Agreement on the Website and the publication of the Summary Notice via PR Newswire.

4. The Court finds that the Class Notice

(a) consisted of individual notice to all members of the Settlement Class as certified;

(b) fully satisfied all the requirements of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act (the "PSLRA"), due process, the Rules of the Court, and all other applicable laws and rules.

(c) constituted due, adequate, and sufficient notice to all persons entitled to notice;

(d) was the best practicable notice under the circumstances; and

(e) was reasonably calculated to apprise the Settlement Class members of:

 (i) the terms and effect of the Stipulation and Agreement of Settlement;

 (ii) Plaintiffs' Counsel's intention to seek an Attorneys' Fees and Expenses Award not to exceed $600,000.00;

 (iii) Plaintiffs' Counsel's intention to seek Case Contribution Awards not to exceed $5,000 each for Class Representatives Eileen Joseph and Daniel Wishnatsky, and reimbursement of expenses not to exceed $1,139.38 for Daniel Wishnatsky;

 (iv) their rights with respect to the Settlement, including their rights to exclude themselves from the Settlement, to object to the Settlement, and/or to object to Plaintiffs' Counsel's application for an Attorneys' Fees and Expenses Award and Case Contribution Awards and reimbursement of expenses to Class Representatives; and

 (v) the time and place of the Fairness Hearing and their right to appear.

5. The Class Action Fairness Act ("CAFA") at 28 U.S.C. § 1715 requires each Defendant participating in a proposed class action settlement to provide appropriate state and federal officials with a notice of the proposed settlement, including a copy of the complaint, any materials filed with the complaint, notice of any scheduled judicial hearings, any proposed or final notification to class members regarding the proposed settlement or rights to exclusion from the class action, and any proposed or final class action settlement, any final judgment, notice of dismissal, and other information required under CAFA. The Court has received a declaration from Defendants' Counsel attesting that Defendants have complied with their notice obligations under CAFA.

6. The Court further finds that the elements for maintenance of this Action as a class action have been met. Specifically the numerosity requirement of Rule 23(a)(1) has been met; there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Class Representatives are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Class Representatives and Class Counsel are adequate representatives of the Settlement Class Members, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

7. Accordingly, and for settlement purposes only, the Court hereby certifies a Settlement Class as defined above in paragraph 2.

8. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that the Settlement warrants final approval and hereby finally approves the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. Specifically, the Court finds that: (a) the Settlement was negotiated vigorously and at arm's length by experienced counsel adequately informed of the strengths and weaknesses of their respective positions and in recognition of the complexity and expense of further litigation; (b) the Class Representatives acted independently of Defendants and in the interest of the Settlement Class in reaching the Settlement; and (d) there have been no objections to the Settlement by the Settlement Class Members. The Parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

9. The Court has reviewed the Plan of Allocation proposed by Plaintiffs' Counsel and finds that the Plan of Allocation is fair, reasonable and adequate. The Plan of Allocation is

hereby approved. Any modification or change in the Plan of Allocation that may hereafter be approved by the Court shall in no way disturb or affect this Order.

10. By operation of and effective upon entry of this Final Judgment: (a) the claims of the Settlement Class are dismissed on the merits, without costs, and with prejudice; (b) Named Plaintiffs and the Settlement Class have absolutely and unconditionally released and forever discharged the Released Persons from the Released Claims as specified in the Agreement (whether or not such Settlement Class Members have executed and delivered a Proof of Claim); and (c) Defendants have absolutely and unconditionally released and forever discharged Named Plaintiffs, Class Counsel, and the Settlement Class from Defendants' Released Claims as specified in the Agreement.

11. All Persons are barred from bringing any claim for contribution or indemnification against the Released Persons arising out of or related to the Released Claims, and the Released Persons are barred from bringing any claim for contribution or indemnification arising out of or related to the Released Claims against any such Persons, except that this provision shall not apply as among the Defendants.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Judgment and/or the Settlement;

(b) shall be described as, construed as, interpreted as or offered against Defendants or other Released Persons as evidence of and/or deemed to be evidence of any presumption,

concession or admission by them to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Named Plaintiffs or the merits of any of their defenses; or

(c) shall be described as, construed as, interpreted as or offered against Named Plaintiffs or any Settlement Class Member as evidence that the claims of Named Plaintiffs and the Settlement Class lack merit, or that the relief requested is inappropriate, improper, or unavailable, or as evidence that the damages allegedly recoverable from Defendants or other Released Persons would not have exceeded the Settlement Amount.

13. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the distribution of funds in the Escrow Account in accordance with the terms of the Plan of Allocation.

14. Defendants and other Released Persons, including their respective insurers, shall have no responsibility for the administration of the Settlement and shall have no liability to the Named Plaintiffs, the Settlement Class or Class Counsel in connection with such administration.

15. After completion of the processing of all claims by the Claims Administrator, Plaintiffs shall file a motion for approval of the disbursement of the Net Proceeds.

16. The Court finds that an Award of Attorneys Fees of $585,650.00 and reimbursement of $14,350.00 in Expenses to Class Counsel payable from the Settlement Amount is just and reasonable, and fairly accounts for: (i) the time and labor expended by Class Counsel; (ii) the magnitude and complexities of the Action; (iii) the risks of litigation; (iv) the quality of representation; (v) the requested Attorneys Fees and Expenses in relation to the Settlement Amount; and (vi) public policy considerations. The Attorneys' Fees and Expenses Award is to be paid to Class Counsel exclusively from the Settlement Amount without additional contribution or payment by Defendants.

17. The Court finds that Case Contribution Awards of $5,000.00 each to Class Representatives Eileen Joseph and Daniel Wishnatsky, and reimbursement of expenses of $1,139.38 to Daniel Wishnatsky payable from the Settlement Amount are just and reasonable, and fairly account for their contributions to the pursuit of this Action on behalf of the Settlement Class.

18. There have been no objections to the Plan of Allocation, the requested Attorneys' Fees and Expenses for Class Counsel, and the Case Contribution Awards and reimbursement of expenses to Class Representatives.

19. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Agreement or the Agreement terminates according to its provisions, or the Settlement Amount, or any portion thereof, is returned to Defendants or their insurers, or this Judgment does not become final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before the Execution Date of the Agreement, except that: (i) any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) need not be refunded to Defendants; (ii) any modifications, reductions or reversal of the Attorneys' Fees and Expenses Award to Class Counsel on appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment; (iii) any

modifications, reductions or reversal of the Case Contribution Awards and reimbursement of expenses to Class Representatives on appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment; and (iv) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

22. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Amount, including any interest earned thereon; (ii) disposition of the Net Proceeds; and (iii) all Parties hereto for the purpose of construing, enforcing and administering the Agreement.

23. There is no just reason for delay in the entry of this Judgment and Order of Dismissal with Prejudice, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED:

Dated: Alexandria, VA ___October 28___, 2014

_____
Liam O'Grady
United States District Judge